UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ITT INDUSTRIES, INC.,

        Plaintiff,

                              CASE NO. 1:05-CV-674

v.

                              HON. ROBERT HOLMES BELL

BORGWARNER, INC. et al.,

        Defendants.
_____/

**MEMORANDUM OPINION DENYING MOTION FOR RECONSIDERATION**

        This is an action under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9601 *et seq.*, seeking recovery of work-related response costs at two EPA-regulated Superfund sites in Bronson, Michigan. Plaintiff ITT Industries, Inc. ("ITT") brings claims against BorgWarner, Inc., Kuhlman, Corp., and Bronson Specialties, Inc. (collectively, the "BorgWarner Defendants); Royal Oak Industries, Inc.; and the Elmer Houghton Trust and Century Bank and Trust (collectively, the "Houghton Trust Defendants").  In an opinion and judgment issued August 23, 2006 (Docket ##61, 62), the Court granted the Defendants' motions to dismiss and entered judgment against Plaintiff on all federal claims.  It also dismissed without prejudice Plaintiff's state-law claims for want of subject matter jurisdiction.

The matter presently is before the Court on Plaintiff's motion for reconsideration and/or to alter or amend judgment under FED. R. CIV. P. 59(e) and W.D. MICH. LCIVR 7.4 (Docket #64).  For the reasons that follow, the motion is denied.

As the Sixth Circuit summarized in *GenCorp, Inc. v. Amer. Int'l Underwriters*, 178 F.3d 804, 833-34 (6th Cir. 1999), a motion to alter or amend judgment under Rule 59(e) may be granted for the following reasons: (1) clear error of law, (2) newly discovered evidence, (3) an intervening change in controlling law, or (4) to prevent manifest injustice.  To constitute "newly discovered evidence," the evidence must previously have been unavailable.  *Id.*  Under Local Rule 7.4(a), a motion for reconsideration may not present the same issue ruled upon.  W.D. MICH. LCIVR 7.4(a).  The movant must demonstrate a palpable defect by which the court has been misled and that a different disposition of the case must result from a correction thereof.  *Id.*

Plaintiff has failed to meet either standard.  In its first argument, Plaintiff asks this Court to reconsider its understanding of *Centerior Service Co. v. Acme Scrap Iron & Metal Corp.*, 153 F.3d 344 (6th Cir. 1998), in which the Sixth Circuit squarely held that a potentially responsible party ("PRP") is not entitled to bring a cost recovery action under § 107(a), 42 U.S.C. § 9607(a).  Plaintiff can demonstrate neither palpable error nor clear legal error in the Court's determination.

Plaintiff suggests, however, that a decision of the Sixth Circuit issued August 17, 2006, undermines the Court's reasoning.  *See Regional Airport Authority of Louisville v.*

*LFG, LLC*, 460 F.3d 697, 712 (6th Cir. 2006).  Specifically, Plaintiff contends that the *Regional Airport Authority* case has implicitly overruled *Centerior*, by stating that § 107 of CERCLA would be rendered meaningless if a PRP is barred from recovering under that section.  *Id.*

Plaintiff's analysis is faulty for a number of reasons.  First, the language in issue is mere dicta, as the Sixth Circuit itself noted.  *Id.* ("If the Authority were precluded from recovery as a potentially responsible party, it is difficult to conceive of a private party-plaintiff that would not be similarly precluded.  *We need not speculate, however.*  CERCLA provided the Authority with an adequate remedy at law.  That the facts of this case prevent recovery does not affect this conclusion.")

Second, even were the language not dicta, it would not support Plaintiff's argument.  Instead, the court's comment merely suggests that the court believed the plaintiff in *Regional Airport Authority* would be found to be the sort of purely innocent PRP identified in *Centerior*, 153 F.3d at 351 n.10.  ITT, in contrast, has never disputed that it is a PRP under CERCLA or that it is a successor to a company that operated the facility during a time of a discharge.

Third, were the Court to accept Plaintiff's construction of the language in *Regional Airport Authority*, it would suggest that a second panel of the Sixth Circuit had, without discussion or authority, overruled the decision of an earlier panel.  The Court declines

3

Plaintiff's invitation to conclude that the panel exceeded its authority to overrule existing circuit precedent.

For the reasons set forth in the Court's August 23, 2006, opinion, the Court remains persuaded that the *Centerior* decision bars PRPs from bringing an action under § 107. It is for the Sixth Circuit, not this Court, to overturn its own precedent. Accordingly, the Court rejects Plaintiff's motion for reconsideration or to alter or amend judgment on this issue.

Plaintiff next asserts that the Court misconstrued § 113(f)(3)(B), requiring Plaintiff to demonstrate that the agreement resolved all liability rather than only partial liability to the United States or a state. To the contrary, the Court fully understood the language of § 113(f)(3)(B), which expressly states that the section applies to "[a] person who has resolved its liability to the United States or a state *for some or all of a response action* or for some or all of the costs of such action in an administrative or judicially approved settlement . . . ." *Id.* (emphasis added). Here, however, by the terms of the agreement, Plaintiff did not resolve its liability in any fashion, except as to the EPA's costs to oversee completion of the investigation as ordered. *See* Admin. Order by Consent, Sec. VII, XII, XIII, XIV. As the Court noted in its earlier opinion, Plaintiff itself conceded in briefing that the administrative order on consent was not final in any fashion.

Moreover, regardless of whether the administrative order by consent is construed as resolving liability in part, it is not the kind of administrative settlement subject to a contribution action under § 113(f)(3)(B). As fully discussed in the Court's August 23, 2006

opinion, the Supreme Court expressly directed a narrow reading of § 113(f)(3)(B), limiting contribution actions under that section to claims identified in the statute of limitations provision, § 113(g)(3)(B). *See Cooper Indus., Inc. v. Aviall Servs., Inc.*, 543 U.S. 157, 167 (2004). That section itself references only those administrative settlements under § 122(g) and (h). Plaintiff specifically states that its administrative order by consent was an administrative settlement under § 122(a), not § 122(g) or (h). For the reasons fully discussed in this Court's August 23, 2006 order, the Court rejects Plaintiff's argument on reconsideration.

Plaintiff next argues that this Court is bound to defer to a statement by the EPA in a memorandum covering "Interim Revisions to CERCLA Removal, RI/FS and RD AOC Models to Clarify Contribution Rights and Protection Under Section 113(f)," issued following the Supreme Court's decision in *Cooper Industrial*. In its motion for reconsideration, Plaintiff for the first time suggests that all language contained in the memorandum is entitled to deference under *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 843-44 (1984).

Plaintiff's argument must be rejected for numerous reasons. First, as this Court routinely has held, a party may not use a motion for reconsideration to raise new arguments that could have been brought before. *See Lee v. Putz*, No. 1:03-CV-266, 2006 WL 1791304 (W.D. Mich. June 27, 2006); *see also Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (holding that a party is not permitted to raise new legal

arguments on a motion for reconsideration that could have been raised earlier). While Plaintiff mentioned the agency policy memorandum in its original briefing, at no time did it suggest that the memorandum was entitled to *Chevron* deference. The issue therefore is not properly raised in this motion for reconsideration.

Even were the issue properly raised, *Chevron* deference does not apply to every memorandum issued by a regulatory agency. Instead, it specifically applies only to rules and decisions issued within the regulatory authority of the agency and reached within the context of an adjudication or notice-and-comment rulemaking. *See Christensen v. Harris County*, 529 U.S. 576 (2000) (holding that an interpretation contained in an opinion letter did not warrant *Chevron* analysis, but instead should receive only such deference as it has the "power to persuade"); *Spectrum Health Continuing Care Group v. Anna Marie Bowling Irrevocable Trust*, 410 F.3d 304, 319 (6th Cir. 2005) (agency's policy memorandum is not entitled to judicial deference because it is not "a product of the agency's rule-making authority, and therefore was likely not subject to the rigors of the public notice-and-comment process."). Here, the EPA's statement about its own interpretation of the language of past administrative orders by consent was made in a memorandum identifying new language specifically targeted to meet the requirements of *Cooper Industrial*. (Pl. Resp. to Mot. to Dismiss, Docket #35, Ex. D; Br. in Support of Pl. Mot. for Reconsid., Docket #64, Ex. B.) The agency's passing statement clearly is not entitled to *Chevron* deference.

Further, as implied by the Court's August 23, 2006 holding, the Court continues to find the EPA's memorandum interpretation to be unpersuasive. Under the reasoning of *Cooper Industrial*, the EPA is not free to expand the application of the contribution statute beyond those situations specifically identified by Congress. For the reasons fully discussed in the Court's August 23, 2006 decision, the Court finds no basis for reconsideration on the basis of the EPA's August 3, 2005 memorandum.

For all the foregoing reasons, the Court finds no clear error of law and no palpable defect in its decision granting Defendants' motions to dismiss. As a result, the Court will deny Plaintiff's motion for reconsideration and/or to alter or amend judgment.

An Order consistent with this Opinion shall issue.


Date:   September 28, 2006          /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    CHIEF UNITED STATES DISTRICT JUDGE