UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ITT CORPORATION, an Indiana corporation,

    Plaintiff,

v.

File No. 1:05-CV-674

HON. ROBERT HOLMES BELL

BORGWARNER INC., a Delaware corporation,
et al.,

    Defendants.

_____/

# **O P I N I O N**

This environmental clean-up case comes before the Court on a motion by BorgWarner Inc., Kuhlman Corporation, and Bronson Specialities, Inc. (collectively "the Bronson Defendants")[1] for summary judgment on Plaintiff ITT Corporation's state law Part 201 cost recovery and contribution claims for the North Bronson Industrial Area Operable Unit 1 ("NBIA Site"). (Dkt. No. 243.) Defendant Royal Oak Industries has filed a concurrence in the Bronson Defendants' motion. (Dkt. No. 257.) For the reasons that follow, the motion will be granted.

**I.**

In an opinion and order dated March 31, 2009, this Court dismissed Plaintiff's

---

[1] Although BorgWarner Inc. and Kuhlman Corporation have been dismissed from this case (Dkt. No. 283, 7/22/2009 Order), Bronson Specialities, Inc. and Royal Oak Industries still have an interest in this motion.

CERCLA § 107 cost recovery claim involving the NBIA Site based upon the Court's determination that where a party has been the subject of a CERCLA enforcement action and can assert a contribution claim under § 113(f), that party cannot also assert a cost recovery claim under § 107. (Dkt. Nos. 223, 224, 3/31/2009 Op. and Order.) The Bronson Defendants now move for dismissal of Plaintiff's parallel cost recovery claim under Part 201 of the Michigan Natural Resources and Environmental Protection Act (NREPA), Mich. Comp. Laws § 324.20126a, based on the same rationale applied to Plaintiff's CERCLA cost recovery claim.

Plaintiff opposes dismissal of its Part 201 cost recovery claim because the consent decree it entered into with respect to the NBIA Site did not address Part 201 claims and because the plain language of Part 201 does not bar a cost recovery claim.

Part 201 of the NREPA and its predecessor statute, the Michigan Environmental Response Act (MERA)), were modeled after CERCLA. *Genesco, Inc. v. Mich. Dep't of Envtl. Quality*, 645 N.W.2d 319, 323 (Mich. Ct. App. 2002). In light of the similar purposes of Part 201 and CERCLA, federal authority concerning CERCLA is instructive in construing Part 201. *Id.* at 324. *See also City of Detroit v. Simon*, 247 F.3d 619, 630 (6th Cir. 2001) ("As NREPA (formerly MERA) was patterned after CERCLA, it should be construed in accordance with the federal statute."); *Aero-Motive Co. v. Becker*, No. 1:99-CV-384 , 2001 WL 1699191, at *3 n.5 (W.D. Mich. Oct. 2, 2001) (Quist, J.) (holding that because NREPA was patterned after CERCLA and is construed in accordance with CERCLA, the plaintiff's

Part 201 claims stand or fall under the same analysis applied to the CERCLA claims"); *Farm Bureau Mut. Ins. Co. v. Porter & Heckman, Inc.*, 560 N.W.2d 367, 375 (Mich. Ct. App. 1997) (looking to federal case law interpreting CERCLA for guidance where Michigan state courts had not addressed an issue arising under MERA).

Michigan courts have specifically followed CERCLA case law on the issue of who can bring a cost recovery action under Part 201. For example, in *Pitsch v. ESE Michigan, Inc.*, 593 N.W.2d 565 (Mich. Ct. App. 1999), the court looked to federal case law for guidance in construing § 12 (the cost recovery provision) of MERA. *Id.* The court held that § 12, like § 107(a), allowed for a private right of action for the recovery of response costs. *Id.* at 574. The court explicitly "reject[ed] defendants' argument that the MERA statutory scheme compels a different result from that reached by the federal courts under the CERCLA." *Id.* Similarly, in *Township of Macomb v. South Macomb Disposal Authority*, No. 244542, 2004 WL 1737594 (Mich. Ct. App. Aug 3, 2004), because Michigan law was not determinative on the issue of whether PRPs could bring a cost recovery action under Part 201, the Michigan Court of Appeals relied on the Sixth Circuit's determination in *Centerior Service Co. v. Acme Scrap Iron & Metal Corp.*, 153 F.3d 344, 356 (6th Cir. 1999), that PRPs are precluded from bringing a cost recovery action under CERCLA § 107(a). The Michigan Court of Appeals concluded that because Macomb Township was a PRP, it was prohibited from bringing a cost recovery action under NREPA. *Twp. of Macomb*, 2004 WL 1737594, at *6. More recently, the Michigan Court of Appeals held that in light of the Supreme

Court's decision in *United States v. Atlantic Research Corp.*, 551 U.S. 128, 127 S. Ct. 2331 (2007), CERCLA § 107(a) provides PRPs with a cost-recovery cause of action, and because Mich. Comp. Laws § 324.20126a is modeled after CERCLA § 107(a), a similar result was mandated under NREPA. *Hicks Family Ltd. P'ship v. 1st Nat'l Bank of Howell*, No. 276575, 2008 WL 2744333, at *2-3 (Mich. Ct. App. July 15, 2008).

In this case the Court previously determined that a CERCLA § 107(a) cost recovery is not available to a party who incurred costs as a result of a consent decree in a CERCLA enforcement action and did not voluntarily engage in the cleanup. Because Plaintiff was the subject of an enforcement action, because Plaintiff's costs were compelled by a consent decree, and because Mich. Comp. Laws § 324.20126a should be interpreted in the same manner as CERCLA § 107(a), the Court concludes that Plaintiff is precluded from pursuing a cost recovery claim not only under CERCLA § 107(a), but also under Part 201. The Court is not persuaded by Plaintiff's reliance on the fact that the Consent Decree did not address Part 201 claims. The important factor is that Plaintiff's costs were compelled. They were not voluntarily incurred. Accordingly, the Court will grant Defendants' motion for summary judgment on Plaintiff's Part 201 cost recovery claim.

## II.

Plaintiff also has a contribution claim under Part 201 for the costs it incurred at the

4

NBIA OU1 Site pursuant to the NBIA OU1 Consent Decree[2] and the L.A. Darling settlement.[3] (Am. Compl. ¶ 84.) The Bronson Defendants have moved for dismissal of Plaintiff's Part 201 contribution claim because it is time-barred under the applicable statute of limitations.

Part 201 provides for a six-year limitations period for a cost recovery claim pursuant to Mich. Comp. Laws § 324.20126a. Mich. Comp. Laws § 324.20140. However, Part 201 is silent with respect to a limitations period for a contribution claim pursuant to Mich. Comp. Laws § 324.20129. Michigan courts have not addressed what statute of limitations should be applied to Part 201 contribution claims. Under Michigan law, if a statute does not provide a limitation period, a civil cause of action arising from a statutory violation is generally subject to the six-year limitation period found in Mich. Comp. Laws § 600.5813.[4] *DiPonio Const. Co., Inc. v. Rosati Masonry Co., Inc.*, 631 N.W.2d 59, 66 (Mich. Ct. App. 2001). *See also Attorney Gen. v. Harkins*, 669 N.W.2d 296, 300 (Mich. Ct. App. 2003) (applying the

---

[2]In March 1999, Plaintiff ITT, L.A. Darling, the Scott Fetzer Company, Bronson Plating Company, and the City of Bronson voluntarily entered into a Consent Decree with the United States regarding the NBIA Site. (Am. Compl. ¶ 53.) See also *United States v. Bronson Plating Co.*, No. 1:99-CV-490 (W.D. Mich.).

[3]On June 29, 1999, three of the parties to the NBIA OU1 Consent Decree (L.A. Darling, The Scott Fetzer Co. and Bronson Plating Co.) filed an action against Plaintiff ITT regarding NBIA Site, raising CERCLA, Part 201,and breach of contract claims. *L.A. Darling v. ITT Indus., Inc.*, No. 1:99-CV-533 (W.D. Mich.). The L.A. Darling lawsuit was dismissed in December 1999, on stipulation of the parties, without the entry of a judgment against ITT.

[4]Section 5813 provides that "All other personal actions shall be commenced within the period of 6 years after the claims accrue and not afterwards unless a different period is stated in the statutes." Mich. Comp. Laws § 600.5813.

5

§ 5813 six-year catch-all limitations period where no statute of limitations was provided for a claim under the wetland protection provisions of NREPA).

The Bronson Defendants nevertheless contend that because "a specific statute of limitations controls over a general statute of limitations," *Ostroth v. Warren Regency, G.P., L.L.C.*, 687 N.W.2d 309, 317 (Mich. Ct. App. 2004), Plaintiff's contribution claim should be governed by the Uniform Contribution Among Tortfeasors Act ("the Contribution Act"), Mich. Comp. Laws §§ 600.2925a - 2925d, which provides for a one-year limitations period for a contribution action by a party who has entered into a settlement. *See* Mich. Comp. Laws § 600.2925c(4).[5] Defendants contend that Michigan courts have applied the Contribution Act to contribution actions generally, whether based on common law or statutory liability. *See Hack Inv. Co. v. Concrete Wall Co.*, 97 N.W.2d 106, 109 (Mich. 1959) (holding that the Contribution Act "permits contribution as between tortfeasors against whom a judgment has been recovered in an action for personal injury or property damage,

---

[5]Section 2925c(4) provides:

> If there is not a judgment for the injury or wrongful death against the tort-feasor seeking contribution, his right to contribution is barred unless he has discharged by payment the common liability within the statute of limitations period applicable to claimant's right of action against him and has commenced his action for contribution within 1 year after payment, or unless he has agreed while action is pending against him to discharge the common liability and has, within 1 year after the agreement, paid the liability and commenced his action for contribution.

Mich. Comp. Laws § 600.2925c(4).

without reference to the precise basis on which the liability of each defendant tortfeasor is based"); *Duncan v. Beres*, 166 N.W.2d 678 (Mich. Ct. App. 1968) (applying the Contribution Act to tavern owners who incurred statutory liability under the Michigan dramshop act).

By its terms, the Contribution Act applies only "when two or more persons become jointly or severally liable **in tort** for the same injury to a person or property or for the same wrongful death." Mich. Comp. Laws § 600.2925a (emphasis added). *See also Gerling Konzern Allgemeine Versicherungs AG v. Lawson*, 693 N.W.2d 149, 158 (Mich. 2005) (holding that the Contribution Act provides a plaintiff with "a statutory right to seek contribution from other responsible tortfeasors after having settled with the injured parties in the underlying tort action"). Plaintiff contends that the L.A. Darling lawsuit, which forms the basis for its Part 201 contribution claim, is a statutory cause of action for restitution of environmental response costs, and is not an action in tort. Moreover, Plaintiff contends that the Contribution Act should not apply because its requirements differ materially from the statutory requirements for a Part 201 contribution action.

The Court declines to make a definitive finding as to whether the Contribution Act and its one-year statute of limitations applies to Plaintiff's Part 201 contribution claim because the Court finds, in any event, that Plaintiff's contribution claim is not timely even under the longer six-year catch-all statute of limitations.

Section 5813, the catch-all statute of limitations, measures the six-year limitations period from the time the claim accrues. Mich. Comp. Laws § 600.5813. Plaintiff contends

7

that its contribution claim accrued in December 1999 when it entered into a settlement in *L.A. Darling Company v. ITT Industries, Inc.*, 1:99-CV-533 (W.D. Mich. 12/21/1999). (Dkt. No. 259, Pl.'s Resp., Ex. 7, Stip. Order.) Defendants contend that Plaintiff's contribution claim accrued at the latest in June 1999 when the L.A. Darling suit was filed.

When the "catch-all" limitations period applies, the general accrual statute found at Mich. Comp. Laws § 600.5827 also applies. *See Diponio*, 631 N.W.2d at 66-67. Under § 600.5827, a cause of action accrues "at the time the wrong upon which the claim is based was done regardless of the time when damage results."

As Plaintiff has acknowledged, Part 201 authorizes a party to seek contribution from any other person who is liable under § 20126 "during or following a civil action brought under this part." (Dkt. No. 259, Pl.'s Resp. 15) (quoting Mich. Comp. Laws § 324.20129(3)). Accordingly, Plaintiff could have brought its Part 201 contribution action against Defendants during the pendency of the L.A. Darling lawsuit. Plaintiff has not provided any good reason for measuring the limitations period from the date of the settlement of that lawsuit rather than the date the lawsuit was filed. The Court agrees with the Bronson Defendants that Plaintiff's Part 201 contribution claim accrued, at the latest, in June 1999 when the L.A. Darling lawsuit was filed. Because this action was not filed until September 2005, it was not filed within the six-year limitations period.

The Court will accordingly grant the Bronson Defendants' motion for summary judgment as to Plaintiff's Part 201 contribution claim.

An order and partial dismissal consistent with this opinion will be entered.


Dated: July 28, 2009 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE