UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ITT CORPORATION, an Indiana corporation,

    Plaintiff,

v.

BORGWARNER INC., a Delaware corporation, et al.,

    Defendants.
_____/

File No. 1:05-CV-674

HON. ROBERT HOLMES BELL

# **O P I N I O N**

This matter is before the Court on Third-Party Defendant/Cross-Defendant L.A. Darling Company's motion for reconsideration of this Court's July 29, 2009, order denying L.A. Darling's motion for summary judgment. (Dkt. No. 299.) For the reasons that follow the motion will be granted in part and denied in part.

**I.**

L.A. Darling seeks reconsideration in part based on the Court's failure to address its request for dismissal of the third-party complaints for contribution filed by Defendants Bronson Specialties, Inc., Royal Oak Industries d/b/a Bronson Precision Products ("Royal Oak"), and Scott Fetzer Company.

L.A. Darling is correct in its assertion that the Court's opinion did not explicitly resolve L.A. Darling's motion with respect to the third-party complaints. However, the

arguments L.A. Darling raised in its motion with respect to the third-party complaints were the same as the arguments it raised with respect to Plaintiff ITT, and were subject to denial for the same reasons.

In its motion for reconsideration L.A. Darling has raised a new argument. L.A. Darling now contends that it is entitled to summary judgment on the third-party complaints because Defendants/Third-Party Plaintiffs are liable to Plaintiff only for their "fair share" of liability, not for joint and several liability, and that there is accordingly no excess liability for which contribution may be obtained. This issue was not raised in L.A. Darling's motion for summary judgment and was not briefed by the other parties.

A motion for reconsideration may not generally be used to raise issues that could have been raised in the previous motion. *Aero-Motive Co. v. Great Am. Ins.*, 302 F. Supp. 2d 738, 740 (W.D. Mich. 2003) (Quist, J.). Nevertheless, because trial is imminent, and because this issue affects the claims that will need to be addressed at trial, the Court invited the other parties to file a response to this argument. (Dkt. No. 307.)

Plaintiff has filed a claim for joint and several liability under the CERCLA § 107(a) cost recovery provisions, and Defendants have filed counterclaims for contribution pursuant to CERCLA § 113(f). L.A. Darling contends that by virtue of Defendants' counterclaims, this case has effectively been recast as a contribution suit between and among potentially responsible parties ("PRPs"). As a result, L.A. Darling contends that the primary Defendants will only be held liable, if at all, for their "fair share" of Plaintiff ITT's claimed response

2

activity costs, and they will have no excess liability to shift to L.A. Darling. In support of this argument L.A. Darling cites *FMC Corp. v. Vendo Co.*, 196 F. Supp. 2d 1023, 1035 (E.D. Cal. 2002), where the court held:

> "To the extent [defendants/third-party plaintiffs] make claims for contribution for its liability to [plaintiff] for [plaintiff's] response costs, those claims are barred. Because [defendants/third-party plaintiffs] are liable to [plaintiff] only for their fair-and-several shares of liability, they may not maintain an action under CERCLA contribution to recover for liability they incur for [plaintiff's] response costs . . . ."

196 F. Supp. 2d at 1035. The *FMC* court's conclusion that the defendants were barred from filing a third-party contribution action was based upon the premise that the plaintiff's § 107(a) claim was a contribution action governed by § 113(f). *Id.* at 1032 (citing *Pinal Creek Group v. Newmont Mining Corp.*, 118 F.3d 1298, 1301-02 (9th Cir. 1997)).

None of the Defendants has attempted to join or defend L.A. Darling in its assertion that their liability to Plaintiff ITT is fair and several rather than joint and several. Scott Fetzer and Royal Oak have merely asserted that **if** the court finds that their liability to ITT is fair and several rather than joint and several, then they concur in L.A. Darling's motion for reconsideration.

The Supreme Court noted in *United States v. Atlantic Research Corp.* 551 U.S. 128 (2007), that a defendant PRP in a § 107(a) suit can blunt any inequitable distribution of costs by filing a § 113(f) counterclaim: "Resolution of a § 113(f) counter-claim would necessitate the equitable apportionment of costs among the liable parties, including the PRP that filed the § 107(a) action." *Id.* at 140 (citing 42 U.S.C. § 9613(f)(a)). Nevertheless, the Supreme

3

Court stressed that §§ 107(a) and 113(f) provide two "complementary" yet "clearly distinct" remedies and rejected the holding in *Pinal Creek*, 118 F.3d at 1301, that "[b]ecause all PRPs are liable under the statute, a claim by one PRP against another PRP necessarily is for contribution." *Atl. Research*, 551 U.S. at 138; *see also ITT Indus., Inc. v. BorgWarner, Inc.*, 506 F.3d 452, 458 (6th Cir. 2007) ("contrary to *Centerior's* [*Centerior Service Co. v. Acme Scrap Iron & Metal Corp.*, 153 F.3d 344 (6th Cir.1998)] interdependent construction of the statute, *Atlantic Research* reiterated that the remedies provided under CERCLA are 'clearly distinct.'").

Plaintiff's § 107(a) cost recovery claim for joint and several liability is not automatically converted to a claim for fair and several liability by virtue of Defendants' § 113(f) counterclaims. Plaintiff's § 107(a) claim and Defendants' § 113(f) counterclaims have different elements, burdens of proof, defenses, and liability provisions. *See Centerior Serv.*, 153 F.3d at 348 (comparing the elements, burden of proof, defenses, and nature of liability in § 107(a) and § 113(f) actions). It is premature for this Court to conclude, as a matter of law, that Defendants will not be held liable for more than their fair share, and that they will not be saddled with any excess liability that may be shifted to L.A. Darling. Accordingly, L.A. Darling's motion to dismiss the counterclaims on the basis that there will be no excess liability will be denied.

## II.

L.A. Darling also moves for reconsideration based upon its contention that it is

4

entitled to contribution protection pursuant to the EPA Consent Order for the L.A. Darling former facility (NBFF OU2).

This issue was not raised in L.A. Darling's motion for summary judgment. As previously noted, a motion for reconsideration may not generally be used to raise issues that could have been raised in the previous motion. *Aero-Motive*, 302 F. Supp. 2d at 740. The Court observes no need to make an exception to this general rule in this instance because the issue is hypothetical at best.[1]

### III.

Finally, L.A. Darling moves for reconsideration based upon its contention that ITT cannot satisfy the "two-site" burden of proof on its cross-complaint because off-site contamination was not a "substantial factor" in causing Plaintiff to incur the response activity costs. (Dkt. No. 300 at 4, citing *Artesian Water Co. v. New Castle County*, 659 F. Supp. 1269, 1283 (D.C. Del. 1987)).

This Court has already considered L.A. Darling's argument that its releases were not a substantial factor in causing Plaintiff to incur response costs. The Court rejected the argument based upon the existence of material issues of fact for trial.

"Generally, . . . motions for reconsideration which merely present the same issues

---

[1] L.A. Darling notes that "[a]lthough the Third-Party Complaints seem limited to Plaintiff's response costs at the Bronson Reel Former Facility (NBFF OU1), if the alleged underlying liability of Third-Party Defendant derives from NBFF OU2 then this 'contribution protection' should control." (Dkt. No. 300, Br. in Supp. of Mot. for Reconsid. 2.)

ruled upon by the Court shall not be granted." W.D. Mich. LCivR 7.4(a); *see also Welch v. Taylor*, No. 1:07-CV-741, 2009 U.S. Dist. Lexis 62221, *2 (W.D. Mich. July 21, 2009) (Maloney, C.J.) (noting that a motion for reconsideration will be denied "where the issues raised by the moving party have already been raised and ruled upon by the court"); *Hurley v. Deutsche Bank Trust Co. Americas*, No. 1:08-CV-361, 2009 U.S. Dist. Lexis 33654, *2 (W.D. Mich. April 21, 2009) (Quist, J.) (noting that motions for reconsideration "may not be used to simply rehash rejected arguments"). L.A. Darling has not established that the Court's previous determination was based on an error of law or palpable defect that, if corrected, would result in a different disposition of this case.

For the reasons stated herein, L.A. Darling's motion for reconsideration will be granted in part and denied in part. To the extent L.A. Darling seeks reconsideration of the Court's failure to enter a ruling on L.A. Darling's motion for summary judgment with respect to the third-party complaints, the motion is granted. The Court will enter an order denying L.A. Darling's motion for summary judgment as to the third-party complaints. L.A. Darling's motion for reconsideration will be denied in all other respects.

An order consistent with this opinion will be entered.


Dated: <u>August 24, 2009</u>              /s/ Robert Holmes Bell
                                                       ROBERT HOLMES BELL
                                                       UNITED STATES DISTRICT JUDGE