UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ITT CORPORATION, an Indiana corporation,

       Plaintiff,

v.

BORGWARNER INC., a Delaware corporation,
et al.,

       Defendants.
                                         /

File No. 1:05-CV-674

HON. ROBERT HOLMES BELL

**O P I N I O N**

This matter comes before the Court on Defendant Scott Fetzer Company's motion in limine to exclude evidence relating to releases or threatened releases of hazardous substances other than volatile organic compounds at or from the Scott Fetzer Former Facility. (Dkt. No. 298). Third-Party/Cross-Defendant L.A. Darling has joined in the motion. (Dkt. No. 302.) For the reasons that follow the motion will be denied.

**I.**

Movants Scott Fetzer and L.A. Darling contend that evidence relating to releases or threatened releases of hazardous substances other than volatile organic compounds ("VOCs") at or from their facilities should be excluded because it is irrelevant. Movants contend that in a two-site case such as this, Plaintiff ITT is required to establish a causal relationship between its release of each hazardous substance and Plaintiff's response costs. ITT's expert,

Dr. Stephens, did not give an expert opinion on how the releases of hazardous substances other than TCE from the Scott Fetzer and L.A. Darling Former Facilities have impacted the NBFF OU1. Because Dr. Stephens limited his expert opinion to the migration of VOCs from Movants' former facilities, Movants contend that Plaintiff cannot establish a causal connection between the release of other hazardous substances such as metals and oils from their former facilities and ITT's response costs.

ITT responds that it will establish its prima facie case of CERCLA § 107(a) liability against Movants by demonstrating that Movants caused the release of VOCs at NBFF OU1. ITT contends that once it proves causation as to VOCs, it is not separately and additionally required to prove a causal connection between Movants and the other hazardous substances at NBFF OU1. Rather, according to ITT, the burden is on Movants to prove the defense of divisibility and to show that they did not cause the release of non-VOC hazardous substances at NBFF OU1. ITT contends that it should not be precluded from introducing evidence through experts, documents, or other witnesses, in rebuttal to Movants' divisibility or other defenses.

"Liability under § 107(a) is generally joint and several on any defendant regardless of fault." *Kalamazoo River Study Group v. Menasha Corp.*, 228 F.3d 648, 653 (6th Cir. 2000). In a § 107(a) cost recovery action, a plaintiff "must prove only that each defendant is a 'liable' party and not that defendants are responsible for a certain share of the plaintiff's response costs." *Centerior Serv. Co. v. Acme Scrap Iron & Metal Corp.*, 153 F.3d 344, 348

(6th Cir. 1998), *overruled in part on other grounds*, *United States v. Atl. Research Corp.*, 551 U.S. 128 (2007). Movants have presented no authority in support of their assertion that a plaintiff in a two-site case is required to establish a causal relationship between each hazardous substance and its response costs. Once an off-site party has been found liable in a two-site case, the Court is aware of no basis for treating that off-site contributor of a hazardous substance differently from the on-site contributor of a hazardous substance. It appears that under the relevant case law, if ITT demonstrates that Movants are liable under CERCLA § 107(a) based upon their release of TCE, Movants will be jointly and severally liable for all necessary response costs related to all hazardous substances at NBFF OU1consistent with the National Contingency Plan ("NCP").

Of course, Movants still have available the divisibility of harm defense. Movants contend that the costs to investigate VOCs are divisible from costs to investigate non-VOC hazardous substances. Movants further contend that for purposes of determining whether there is a reasonable basis for apportionment of costs, it is immaterial which party contributed the non-VOC hazardous substances. Accordingly, Movants contend that once they prove the divisibility of the response costs for the non-VOC hazardous substances, the burden of proof is on ITT to establish a causal connection between Movants and the response costs associated with those non-VOC hazardous substances.

It appears that Movants have misconstrued the nature of the divisibility defense. Contrary to Movants' assertions, the question of who contributed the non-VOC hazardous

substances is not immaterial to Movants' divisibility defense. The Supreme Court has noted that the starting point for the divisibility of harm analysis in a CERCLA case is § 433A of the Restatement (Second) of Torts, which provides:

> when two or more persons acting independently caus[e] a distinct or single harm for which there is a reasonable basis for division according to the contribution of each, each is subject to liability only for the portion of the total harm that he has himself caused.

*Burlington N'ern & Santa Fe Ry. Co. v. United States*, 556 U.S. —, 129 S. Ct. 1870, 1881 (2009) (quoting Restatement (Second) of Torts, §§ 433A (1976)). "[A]pportionment is proper when 'there is a reasonable basis for determining the contribution of each cause to a single harm.'" *Id*. (quoting Restatement (Second) of Torts § 433A(1)(b) (1963-1964)). As the Sixth Circuit has observed, divisibility of harm is a "causation-based argument." *U.S. Bank Nat. Ass'n v. U.S. E.P.A.*, 563 F.3d 199, 207 (6th Cir. 2009). Movants bear the burden of proof on the divisibility defense. "The ultimate burden of proving divisibility is on the party invoking the doctrine." *Id.* (citing *United States v. R.W. Meyer*, 889 F.2d 1497, 1507 (6th Cir.1989)). "Only if a defendant can affirmatively demonstrate that the harm is divisible, will damages from a cost recovery action brought pursuant to § 107(a) be apportioned according to fault." *Centerior Serv.*, 153 F.3d at 348. Thus, contrary to Movants' assertion, ITT does not bear the burden of proving that Movants caused the release of each hazardous substance at NBFF OU1 as part of ITT's § 107(a) claim. Rather, it will be Movants who bear the burden of proving that they did not cause the release of a particular hazardous substance at NBFF OU1 as part of their divisibility of harm defense. Because ITT

4

does not bear the burden of proof on this issue, the Court will deny Movants' motion to exclude evidence of their releases of non-VOCs such as metals or oils to the extent the motion is based upon ITT's lack of expert opinion evidence.

## II.

Movants also contend that because ITT's consent order was limited to the investigation of TCE and the necessary remediation of other contamination caused by on-site sources, off-site releases of hazardous substances other than TCE could not cause necessary response costs. This Court has previously determined that whether ITTs costs were necessary and consistent with the NCP is an issue of fact for trial. (Dkt. No. 293, 7/29/09 Op. 7.) Accordingly, Movant's motion in limine will also be denied to the extent it is based upon the scope of the consent order.

An order consistent with this opinion will be entered.


Dated: <u>August 25, 2009</u>                    <u>/s/ Robert Holmes Bell</u>
                                                 ROBERT HOLMES BELL
                                                 UNITED STATES DISTRICT JUDGE